## IN THE SUPREME COURT OF THE STATE OF NEVADA

BERTRAL WASHINGTON, AN INDIVIDUAL; AND CHERI WASHINGTON, AN INDIVIDUAL,
Appellants,
vs.
AA PRIMO BUILDERS, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

No. 74101

FILED

APR 3 0 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from district court orders resolving motions for attorney fees. Eighth Judicial District Court, Clark County; James Crockett, Judge.

After a 10-day trial, appellants Bertral and Cheri Washington moved for judgment as a matter of law (JMOL), which the district court granted. The Washingtons then moved for attorney fees and costs under NRS 17.115 (2013)[1] and NRCP 68 against AA Primo Builders, LLC, which had previously rejected their offer of judgment. The court granted the motion and taxed fees and costs totaling nearly $240,000 against AA Primo. After AA Primo's unsuccessful appeal from the order granting their JMOL, the Washingtons moved for additional fees and costs under NRS 18.060. When AA Primo did not oppose that motion, the Washingtons filed a "supplement" requesting that AA Primo's counsel, Becky Pintar, be held jointly and severally liable for taxable costs under NRS 7.085. The

---

[1]Effective at the time of the initial award in 2014, this statute was subsequently repealed in 2015. *See* 2015 Nev. Stat., ch. 442, § 41, at 2569.

Washingtons argued that Pintar knew from the beginning or, at a minimum, later learned that AA Primo's contract with them was void *ab initio* under NRS 624.700 and NAC 624.640, and that Pintar therefore brought or maintained AA Primo's contract claim in violation of NRS 7.085. The district court granted the motion and its supplement, holding Pintar personally liable.

Pintar filed a writ petition challenging the award. Her petition was routed to the court of appeals, which vacated the sanction. *Pintar v. Eighth Judicial Dist. Court (AA Primo)*, Docket No. 70878 (Order Granting Petition for Writ of Mandamus, Ct. App., Feb. 28, 2017). The court concluded that the district court made insufficient findings to support its sanctions dating back to the action's inception. *Id.* But in doing so, the court emphasized that "[n]othing in this order prevents the Washingtons from renewing their motion for sanctions against Pintar." *Id.* The Washingtons renewed their motion, and Pintar filed a memorandum of costs for her successful writ petition. The Washingtons moved to strike Pintar's memorandum. The district court denied both of the Washingtons' motions, concluding that the Washingtons "failed to establish that Ms. Pintar had actual knowledge that the contract was void." The Washingtons appeal from that order.

We "review[ ] sanctions awarding attorney fees for an abuse of discretion." *Watson Rounds, P.C., v. Eighth Judicial Dist. Court*, 131 Nev. 783, 787, 358 P.3d 228, 231 (2015). However, "we review interpretations of statutes and the NRCP de novo." *Id.* "Although this court reviews a district court's discretionary determinations deferentially, deference is not owed to legal error . . . ." *Davis v. Ewalefo*, 131 Nev. 445, 450, 352 P.3d 1139, 1142 (2015) (citing *AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589,

245 P.3d 1190, 1197 (2010)). Further, we do not defer "to findings so conclusory they may mask legal error." *Id.*

The language of NRS 7.085 is straightforward. Subsection 1 of NRS 7.085 provides that district courts "shall" hold attorneys "personally" liable for "additional costs, expenses and attorney's fees" under certain circumstances. If the statutory conditions are met, "the court shall" impose a sanction of taxable fees and costs "reasonably incurred because of such conduct." *Id.* With respect to "such conduct," the statute requires no more than what it states: in relevant part, that "a court find[ ] that an attorney has" (i) "[brought or] maintained . . . a civil action" that (ii) either (a) "is not well-grounded in fact," (b) "is not warranted by existing law," or (c) "is not warranted . . . by a[ ] [good faith] argument for changing the existing law." *See* NRS 7.085(1)(a). Subsection 2 requires Nevada courts to "liberally construe" subsection 1 "in favor of awarding costs, expenses and attorney's fees *in all appropriate situations.*" NRS 7.085(2) (emphasis added).[2]

An award of fees under this statute requires fact-intensive analysis. *Watson Rounds*, 131 Nev. at 789-91, 358 P.3d at 233-34; *see also Pub. Emps.' Ret. Sys. of Nev. v. Gitter*, 133 Nev., Adv. Op. 81, 393 P.3d 673, 682 (2017) (reiterating that, under NRS 7.085, "a district court abuses its discretion by making such an award without including in its order sufficient reasoning and findings in support of its ultimate determination") (quoting *Watson Rounds*, 131 Nev. at 789, 358 P.3d at 233). The district court's order did not address either the statutory language or *Watson Rounds*. The

---

[2]Subsection 2 explains that, like NRCP 11, NRS 7.085 provides a mechanism "to punish [attorneys] for" maintaining "frivolous or vexatious claims and defenses," which "overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public."

district court therefore abused its discretion by failing to adequately support its decision to deny the Washingtons' renewed motion. *Cf. Devries v. Gallio*, 128 Nev. 706, 712-13, 290 P.3d 260, 264-65 (2012) (concluding that a district court abused its discretion because "the district court's order failed to explain its reasons for awarding no spousal support").

The court of appeals specifically noted that it "d[id] not entirely discount the possibility that, at some point in the underlying case, Pintar may have become aware that AA Primo's claims were groundless." *Pintar v. Eighth Judicial Dist. Court (AA Primo)*, Docket No. 70878 (Order Granting Petition for Writ of Mandamus, Ct. App., Feb. 28, 2017). And the order expressly permitted the Washingtons to renew their motion. *Id.* They did renew their motion, and the district court was obligated to support its decision on that motion with specific findings—as the order specified.

The record does not establish that the district court adequately applied the law and thereby acted within its proper discretion under NRS 7.085 and *Watson Rounds*. Even if, as appears to be the case, the district court did not believe that Pintar brought the action knowing the contract was void, the Washingtons claim she sanctionably maintained the action after her witness testified at trial that NAC 624.640 rendered the contract void. Because the district court did not make sufficient findings addressing whether, and at which point (if any), Pintar maintained AA Primo's contract claim in violation of NRS 7.085, we vacate the district court's order denying the Washingtons' renewed motion.[3] On remand, the district court should

---

[3]This order renders it unnecessary to address the district court's order denying the Washingtons' motion to strike Pintar's memorandum of costs, an issue which we are not persuaded is properly before this court. The district court did not impose any judgment or order assessing costs against

hold an evidentiary hearing and then address—in a written order that sets forth specific findings and adequate reasoning to support its decision—whether Pintar violated NRS 7.085 by bringing *or maintaining* a groundless action from any point throughout the case.[4]  Accordingly, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:    Hon. James Crockett, District Judge
      Robert F. Saint-Aubin, Settlement Judge
      Parker, Nelson & Associates
      Pintar Albiston LLP
      Eighth District Court Clerk

---

the Washingtons, and an order denying a motion to strike a memorandum of costs is not an independently appealable special order after judgment. *See* NRAP 3A(b).

[4]It appears from the record that the district court based its summary denial primarily on a conclusion that Pintar did not initially bring the action in violation of NRS 7.085.  We do not necessarily disagree with that conclusion, but rather instruct the district court to consider the Washingtons' argument specifically that, at various identified points in time, Pintar knew the contract claim was groundless and maintained the action anyway.